UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

BIZNISPORT LLC, a Croatian limited liability company, also known as Biznisport d.o.o.,

              Plaintiff,

   -against-

KADENA LLC, a Connecticut limited liability company,

             Defendant.
_____

Docket No.: __ CV _____

**COMPLAINT**

Plaintiff BIZNISPORT LLC ("Biznisport" or "Plaintiff"), by and through its undersigned counsel, alleges against Defendant KADENA LLC ("Kadena" or "Defendant") as follows:

1. This is an action for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment/quantum meruit (in the alternative), promissory estoppel (in the alternative), and declaratory judgment arising out of Defendant's failure to honor payment obligations and repudiation of a multi-year sponsorship agreement("Agreement") *(See Exhibit A)* relating to the Croatian Football Federation.

**THE PARTIES**

2. Plaintiff is a Croatian limited liability company with its principal place of business at Korčulanska ulica 2, 10000 Zagreb, Croatia. Plaintiff is also known as Biznisport d.o.o. Biznisport is engaged in a broad range of commercial activities, including trade and services, information technology, web development, digital

media, blockchain-related services, and sports-related commercial and promotional activities, as reflected in its registered business activities in the Croatian corporate registry.

3. Defendant is a Connecticut limited liability company. The Agreement *(See Exhibit A)* lists Defendant's address as 142 Lafayette Street, PO #4, Newark, New Jersey 07105. Kadena operates a public blockchain platform known as the Kadena Blockchain and issues native digital tokens ("KDA"), and its business activities include blockchain technology development, digital asset infrastructure, and related services, as described in the recitals of the Agreement *(See Exhibit A)*.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2) because this action is between a citizen or subject of a foreign state (Plaintiff) and a citizen of a State (Defendant), and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. The Agreement *(See Exhibit A)* contains a New York governing-law provision and an exclusive forum selection clause conferring jurisdiction in the state and federal courts located in the Southern or Eastern District of New York, County of New York. Defendant consented to personal jurisdiction and venue in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the parties expressly agreed to litigate in this District and a substantial part of the events or omissions giving rise to these claims occurred here.

## FACTUAL ALLEGATIONS

7. On December 9, 2024, Biznisport and Kadena executed a written Agreement *(See Exhibit A)* (the "Agreement") pursuant to which Biznisport, as the duly authorized agent for the Croatian Football Federation ("CFF"), granted Kadena an exclusive package of sponsorship/designation rights. In exchange, Kadena agreed to pay a $2,500,000 sponsorship fee in scheduled installments through January 1, 2028.

8. The Agreement's payment schedule included, among other installments, $300,000 due on or before July 1, 2025, and $400,000 due on or before January 1, 2026.

9. On December 11, 2024, the parties executed a side letter (the "Side Letter") memorializing that, aside from the initial installment, no further installments would be due or payable unless and until Kadena received from Biznisport a supplemental approval letter from the Croatian Football Federation ("CFF Approval") that, among other things, addressed Kadena's step-in/assumption rights in substance consistent with Schedule 9(iv) of the Agreement.

10. On December 11, 2024, CFF issued a written approval addressed to Kadena (the "CFF Approval") confirming (i) that Biznisport's underlying master agreement with CFF remained in force; (ii) that Biznisport had the authority to grant the sponsorship/branding rights, and those rights did not conflict with rights granted to others; (iii) that CFF would not grant inconsistent or conflicting rights during the term; and (iv) that CFF recognized Kadena's ability to assume performance directly in the event of defined contingencies substantially consistent with Schedule 9(iv).

11. In reliance on the Agreement, the Side Letter, and the CFF Approval, and at Kadena's request and with Kadena's participation, Biznisport performed and delivered substantial sponsorship activations, including (a) facilitating branding/visibility across CFF channels and assets; (b) coordinating a public app launch for CFF in or about October 2025; (c) onboarding tens of thousands of end users into the Kadena ecosystem; and (d) bridging more than one million Vatreni tokens[1] into Kadena's infrastructure for the activation.

12. Kadena accepted and publicly exploited these benefits. Kadena issued and amplified public promotions referencing the CFF app as "powered by Kadena" and collaborated with Biznisport through Kadena-controlled workspaces documenting approvals, timelines, and go-to-market execution.

13. Despite accepting Biznisport's performance and the benefits of the sponsorship, on or about October 21, 2025, Kadena unilaterally announced the suspension of its business operations and purported to terminate contracts while inviting creditors to submit claims. Kadena subsequently refused to pay at least the January 1, 2026, installment and any subsequent amounts, and instead floated a nuisance-value settlement notwithstanding its continued use and acceptance of sponsorship benefits.

---

[1] Vatreni tokens' refers to the Croatian Football Federation's official digital fan-engagement token, issued prior to the Parties' Agreement and used to deliver blockchain-based utilities, rewards, and interactive features to supporters of the Croatian Men's National Team. As part of the sponsorship activation, Biznisport migrated and 'bridged' more than one million such tokens from the prior chain environment onto Kadena's blockchain infrastructure, enabling their use within the jointly promoted CFF digital ecosystem.

14. On February 11, 2026, Biznisport, through counsel, sent a formal letter to Kadena reiterating Biznisport's position, confirming Kadena's ongoing breach, and advising that absent a prompt monetary resolution the matter would proceed to litigation in New York. The letter offered a pre-filing settlement opportunity, set a final response deadline of February 19, 2026, and expressly reserved all rights and remedies. Kadena failed to provide any response or cure.

15. Biznisport has demanded payment, which Kadena has failed and refused to make.

## COUNTS

### COUNT I
(Breach of Contract)

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

17. On December 9, 2024, the parties executed a written Agreement *(See Exhibit A)* (the "Agreement") under which Biznisport, acting as CFF's authorized partner, granted Kadena an exclusive package of sponsorship/designation rights in exchange for a $2,500,000 sponsorship fee payable in scheduled installments through January 1, 2028. The Agreement selects New York law and exclusive jurisdiction in the Southern or Eastern District of New York, County of New York.

18. On December 11, 2024, the parties executed a Side Letter stating that, other than the initial installment, no further installments would be due unless and until Kadena received from Biznisport a supplemental CFF approval containing the

substance of Schedule 9(iv) and otherwise reasonably acceptable to Kadena (the "CFF Approval").

19. That same day, December 11, 2024, CFF issued a written approval addressed to Kadena that: (i) confirmed Biznisport's authority and non-conflict; (ii) committed CFF not to grant inconsistent rights during the term; and (iii) confirmed Kadena's step-in rights (i.e., that Kadena could "take place of Biznisport" and deliver assets described in schedules) during the sponsorship term, substantively tracking Schedule 9 (iv). This satisfied the Side Letter condition or, at minimum, rendered any further demand for a different form of letter unreasonable under the Agreement's "reasonably acceptable" qualifier.

20. Even if the Court were to find that the CFF Approval was imperfect in form (it was not), Kadena waived any such objection by: (a) making the December 2024 payment and the July 1, 2025 payment after receipt of the CFF Approval; (b) continuing to exploit the sponsorship (including a public "Powered by Kadena" app launch in or about October 2025); (c) coordinating performance with Biznisport through Kadena-controlled collaboration channels; and (d) failing to exercise its unilateral termination right under §10.1 despite full knowledge of the CFF letter's content.

21. Alternatively, any unsatisfied condition precedent was excused under the prevention doctrine and the Agreement's implied duty of cooperation because Kadena: (a) insisted on activation while representing its 'bridge' was weeks away; (b) controlled technical approvals and infrastructure integral to the Migration and

Platform; and (c) then withheld or delayed cooperation and abruptly suspended operations, all of which made strict, date-certain compliance impracticable or within Kadena's control. (Notably, §3.3 expressly ties "migration" to mutual agreement regarding bridge usage; Schedule 6 requires Kadena Pact approvals before launch.)

22. Kadena materially breached by failing to pay required installments when due, including the January 1, 2026 installment, and by repudiating further performance while continuing to accept and exploit the benefits of Biznisport's performance. Kadena's counsel later revoked a nuisance settlement offer, denied liability, and asserted offsets, confirming refusal to pay.

23. As a direct and proximate result, Biznisport suffered damages in an amount to be proven at trial, including not less than $1,800,000 plus pre- and post-judgment interest.

## COUNT II
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

25. Kadena owed Biznisport a duty not to destroy or injure Biznisport's right to receive the fruits of the Agreement, including payment of installments and cooperation required for performance.

26. Kadena violated that duty by, among other things: (a) Inducing Biznisport to proceed by stating the bridge was imminent and by controlling approvals required for the Platform and Migration while knowing those dependencies were within its sphere of control; (b) Accepting and publicly exploiting

Biznisport's performance (branding, PR, user onboarding, token bridging, app launch) and reaping measurable ecosystem value; and (c) Abruptly suspending operations and disclaiming payment obligations after receiving and benefiting from Biznisport's performance, then pressing settlement tactics divorced from contractual obligations.

27. Kadena's conduct unfairly frustrated Biznisport's contractual benefits and deprived Biznisport of bargained-for consideration, causing damages to be proven at trial.

## COUNT III (In the Alternative)
(Promissory Estoppel)

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

29. Kadena made clear and unambiguous promises that, upon execution and activation (and receipt of the CFF Approval), it would pay the scheduled installments and cooperate to launch on Kadena infrastructure; Kadena then paid after the CFF Approval and affirmatively participated in activation and public promotion.

30. Biznisport reasonably and foreseeably relied on those promises by investing significant resources, integrating Kadena into the official CFF app, coordinating PR, onboarding tens of thousands of users, and bridging over one million Vatreni tokens into Kadena's environment.

31. Injustice can be avoided only by enforcing Kadena's promises through damages, because Kadena retained the value of Biznisport's performance while refusing full payment.

### COUNT IV (In the Alternative)
(Unjust Enrichment / Quantum Meruit – Restitution)

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

33. Independently of the contract claim, Kadena knowingly accepted and retained benefits conferred by Biznisport, including branding visibility across CFF channels, public association with the Croatian Men's National Team, promotional content and PR, integration in the official CFF app, user acquisition into Kadena's ecosystem, and bridging of more than one million Vatreni tokens to enable on-chain utility, benefits Kadena publicly used and amplified.

34. Under principles of equity and good conscience, Kadena must compensate Biznisport in the reasonable value of the services and benefits it retained, in an amount to be proven at trial.

### COUNT V
(Declaratory Judgment – 28 U.S.C. § 2201)

35. An actual, ripe controversy exists regarding Kadena's payment obligations and asserted defenses (including alleged non-satisfaction of a condition precedent, offsets under Schedule 7, and force majeure).

36. Plaintiff seeks a declaration that:

(a) The December 11, 2024 CFF Approval satisfied the Side Letter's requirement for a supplemental CFF approval containing the substance

    of Schedule 9(iv), or, alternatively, that Kadena's course of performance and acceptance waived any objection or estops Kadena from relying on it;

 (b) Any alleged shortfall is excused under the prevention doctrine and Kadena's duty of cooperation, because Kadena controlled key prerequisites and approvals and then suspended operations.

 (c) Force Majeure under §11.1 does not apply to Kadena's voluntary wind-down or inability to monetize the sponsorship and, in any event, Kadena failed to satisfy the notice and mitigation requirements of §11.2;

 (d) The Schedule 7 offset language does not eliminate Kadena's payment obligations where delays in Migration/Platform were dependent on Kadena's infrastructure and approvals (see §3.3 linking Migration to mutual agreement on bridge usage and Schedule 6 requiring Kadena Pact approvals), and Kadena waived/estopped any offsets by paying and continuing performance thereafter; and

 (e) Kadena is obligated to pay all past-due installments (including January 1, 2026) and to comply with the Agreement

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

 (i) Awarding compensatory damages for Kadena's breaches of the Agreement in an amount to be proven at trial, including but not limited to all unpaid installments under the Sponsorship agreement, consequential damages, and expectancy damages, and in no event less than $1,800,000, together with pre- and post-judgment interest;

 (ii) In the alternative to expectancy damages (and only if the Court determines that any condition precedent was not satisfied or that the Agreement is unenforceable in whole or in part), awarding reliance damages, restitution, or the reasonable value of Biznisport's services and benefits conferred, including branding, promotional value, user onboarding, and the migration/bridging of more than one million Vatreni tokens;

(iii) Declaring that the December 11, 2024 CFF Approval satisfied, or that Kadena waived or is estopped from asserting non-satisfaction of, any condition precedent identified in the Side Letter, including the supplemental CFF Approval requirement;

(iv) Declaring that any alleged offsets under Schedule 7 are inapplicable, waived, or excused under the Agreement, the prevention doctrine, Kadena's duty of cooperation, and Kadena's acceptance and exploitation of Biznisport's performance;

(v) Declaring that Kadena's unilateral operational suspension does not constitute a valid force majeure event under §11.1 of the Agreement, and that Kadena failed to comply with the notice and mitigation requirements of §11.2;

(vi) Declaring that Defendant is obligated to pay all past-due installments and otherwise comply with the Agreement;

(vii) Awarding Plaintiff all costs of suit; and

(viii) Granting such other and further legal or equitable relief as the Court deems just and proper.

Dated: March 5, 2026
     New York, New York

McLOUGHLIN O'HARA, LLP
*Attorneys for Plaintiff Biznisport LLC*

*Daniel M. O'Hara*
_____
Daniel M. O'Hara, Esq.
250 Park Avenue, 7th Floor
New York, New York 10177
Tel: (212) 920-6695
Email: dohara@mcloughlinohara.com