**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BIZNISPORT LLC, a Croatian limited liability company also known as Biznisport d.o.o.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>KADENA LLC, a Connecticut limited liability company,<br>　　　　　　　　　　Defendant. | Civil Action No.<br>26-cv-1817 (SHS)<br><br>**DEFENDANT KADENA LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**<br><br>**TRIAL BY JURY DEMANDED**<br><br>June 11, 2026 |

Defendant Kadena LLC ("Kadena"), by and through its undersigned counsel, answers the Complaint dated March 5, 2026 (ECF 1), filed by Plaintiff Biznisport LLC ("Biznisport") as follows. Except as expressly admitted below, Kadena denies each allegation in the Complaint, including all allegations in headings, subheadings, footnotes, and the prayer for relief.

1.　　Kadena admits that Biznisport purports to assert claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment/quantum meruit in the alternative, promissory estoppel in the alternative, and declaratory judgment. Kadena admits that the parties executed a written Sponsorship Agreement dated December 9, 2024 (the "Agreement"). Kadena denies that it failed to honor any payment obligation, repudiated the Agreement, or is liable to Biznisport. Kadena denies the remaining allegations in paragraph 1.

1

## THE PARTIES

2.    Kadena lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Biznisport's place of business, alternative name, registered business activities, or the contents of any Croatian corporate registry, and therefore denies those allegations.

3.    Kadena admits that it is a Connecticut limited liability company. Kadena admits that the Agreement lists an address for Kadena at 142 Lafayette Street, PO #4, Newark, New Jersey 07105. Kadena admits that the Agreement contains recitals referring to the Kadena Blockchain and KDA. Kadena denies the remaining allegations in paragraph 3 to the extent they characterize Kadena's business, legal obligations, or activities inaccurately or incompletely.

## JURISDICTION AND VENUE

4.    Kadena admits that Biznisport invokes 28 U.S.C. § 1332(a)(2). Kadena admits, solely for purposes of this action, that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2). Kadena denies any allegation in paragraph 4 inconsistent with the foregoing.

5.    Kadena admits that the Agreement contains a New York governing-law provision and a forum-selection provision. Kadena admits, solely for purposes of this action, that it does not contest personal jurisdiction or venue in this District. Kadena denies any allegation in paragraph 5 inconsistent with the Agreement's actual terms.

6.    Kadena admits, solely for purposes of this action, that venue is proper in this District. Kadena denies that a substantial part of the relevant events or

2

4928-6620-8436, v. 1

omissions necessarily occurred in this District except to the extent the Agreement's forum-selection clause applies. Kadena denies any remaining allegations in paragraph 6.

## FACTUAL ALLEGATIONS

7. Kadena admits that Biznisport and Kadena executed the Agreement. Kadena admits that the Agreement speaks for itself. Kadena lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Biznisport was a duly authorized agent for the Croation Football Federation ("CFF"), and therefore denies those allegations. Kadena denies that Biznisport fully satisfied all conditions precedent, covenants, obligations, and prerequisites necessary to trigger all of Kadena's alleged payment obligations. Kadena denies any characterization of the Agreement inconsistent with its actual terms.

8. Kadena admits that Schedule 7 of the Agreement includes a payment schedule, subject to the Agreement's terms, conditions, reductions, defenses, and requirements, including but not limited to invoice requirements and conditions precedent. Kadena denies any allegation in paragraph 8 inconsistent with the Agreement's actual terms.

9. Kadena admits that the parties executed a side letter dated December 11, 2024 (the "Side Letter"). Kadena admits that the Side Letter speaks for itself. Kadena denies any characterization of the Side Letter inconsistent with its actual terms.

10.    Kadena denies the allegation that CFF issued a written approval satisfying all requirements of the Agreement and Side Letter. Kadena denies that any CFF communication satisfied all applicable contractual conditions or was reasonably acceptable to Kadena to the extent Biznisport so alleges.

11.    Kadena denies that Biznisport fully and timely performed its obligations under the Agreement, including any obligations relating to the Platform, Public Launch, Migration, approvals, technical requirements, sponsor benefits, or other deliverables. Kadena lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Biznisport onboarded "tens of thousands" of users or bridged "more than one million" Vatreni tokens into Kadena's infrastructure in compliance with the Agreement, and therefore denies those allegations. Kadena denies the remaining allegations in paragraph 11.

12.    Kadena denies that it accepted and publicly exploited benefits in a manner that created any additional payment obligation or waived any contractual condition, offset, defense, reduction, or remedy. Kadena admits only that the parties communicated regarding possible sponsorship activities and promotional matters. Kadena denies the remaining allegations in paragraph 12.

13.    Kadena admits that on or about October 21, 2025, Kadena publicly announced the suspension or cessation of its business operations. Kadena denies that it "purported" wrongfully to terminate contracts or improperly invited creditors to submit claims. Kadena denies that it wrongfully refused to pay any amount due. Kadena denies that it made only a "nuisance-value" settlement proposal or continued

4

to use and accept sponsorship benefits in a manner giving rise to liability. Kadena further states that allegations concerning settlement communications are immaterial to the parties' claims and defenses, and Kadena expressly reserves all objections to the admissibility or use of any such communications under Federal Rule of Evidence 408 and any other applicable law. Kadena denies the remaining allegations in paragraph 13.

14. Kadena admits that Biznisport, through counsel, sent correspondence dated February 11, 2026. Kadena denies the characterizations of that correspondence as "confirming" any breach by Kadena. Kadena denies that it failed to cure any breach because no cure was required. Kadena denies any remaining allegations in paragraph 14.

15. Kadena admits that Biznisport has demanded payment. Kadena denies that it failed or refused to pay any amount properly due and owing under the Agreement. Kadena denies the remaining allegations in paragraph 15.

## COUNT I

### (Breach of Contract)

16. Kadena incorporates its responses to paragraphs 1 through 15 as if fully set forth herein.

17. Kadena admits that the parties executed the Agreement. Kadena admits that the Agreement contains provisions concerning sponsorship rights, payment terms, governing law, and forum selection. Kadena denies that Biznisport satisfied all conditions precedent or that Kadena breached any payment obligation.

5

4928-6620-8436, v. 1

Kadena denies any characterization of the Agreement inconsistent with its actual terms.

18.    Kadena admits that the parties executed the Side Letter. Kadena admits that the Side Letter speaks for itself. Kadena denies any allegation inconsistent with the Side Letter's actual terms.

19.    Kadena lacks knowledge or information sufficient to form a belief as to what CFF issued, authorized, intended, or confirmed on December 11, 2024, and therefore denies the allegations in paragraph 19. Kadena specifically denies that any CFF communication satisfied all conditions precedent, satisfied the side letter, or rendered Kadena's objections unreasonable.

20.    Kadena denies that it waived any objection, condition, offset, reduction, right, remedy, or defense. Kadena denies that any payment, communication, collaboration, or alleged course of performance constituted a waiver or estoppel. Kadena denies the remaining allegations in paragraph 20.

21.    Kadena denies that any condition precedent was excused. Kadena denies that it prevented Biznisport's performance, had or breached any duty of cooperation, controlled any essential prerequisite in a manner that excused Biznisport's nonperformance, or made strict compliance impracticable. Kadena denies the remaining allegations in paragraph 21.

22.    Kadena denies that it materially breached the Agreement, failed to pay any required installment when due, repudiated further performance, or continued to accept and exploit benefits in a manner giving rise to liability. Kadena admits only

that counsel for the parties communicated regarding the dispute. Kadena denies the remaining allegations in paragraph 22.

23.     Kadena denies that Biznisport suffered damages caused by Kadena in any amount, including not less than $1,800,000. Kadena denies that Biznisport is entitled to pre-judgment interest, post-judgment interest, costs, fees, or any other relief.

## COUNT II

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

24.     Kadena incorporates its responses to paragraphs 1 through 23 as if fully set forth herein.

25.     Kadena admits only that New York law recognizes an implied covenant of good faith and fair dealing in contracts in limited circumstances not applicable here. Kadena denies that it breached any such covenant or deprived Biznisport of any fruits of the Agreement.

26.     Kadena denies the allegations in paragraph 26, including each subpart. Kadena denies that it induced Biznisport to perform improperly, controlled approvals in a manner that prevented Biznisport's performance, accepted benefits giving rise to liability, reaped uncompensated value, abruptly and wrongfully suspended operations, disclaimed valid obligations, or engaged in improper settlement tactics.

27.     Kadena denies that its conduct frustrated Biznisport's contractual benefits, deprived Biznisport of bargained-for consideration, or caused Biznisport damages in any amount.

4928-6620-8436, v. 1

## COUNT III

### (Promissory Estoppel, in the Alternative)

28.    Kadena incorporates its responses to paragraphs 1 through 27 as if fully set forth herein.

29.    Kadena denies that it made any clear and unambiguous promise outside the Agreement enforceable through promissory estoppel. Kadena denies that Biznisport satisfied the conditions necessary to trigger any alleged payment obligation. Kadena denies the remaining allegations in paragraph 29.

30.    Kadena denies that Biznisport reasonably or foreseeably relied on any extra-contractual promise by Kadena. Kadena lacks knowledge or information sufficient to form a belief as to the nature, amount, or value of Biznisport's alleged investments, integrations, public relations work, user onboarding, or token bridging, and therefore denies those allegations. Kadena denies the remaining allegations in paragraph 30.

31.    Kadena denies that injustice requires enforcement of any alleged promise, that Kadena retained uncompensated value, or that Biznisport is entitled to damages under promissory estoppel.

## COUNT IV

### (Unjust Enrichment / Quantum Meruit – Restitution, in the Alternative)

32.    Kadena incorporates its responses to paragraphs 1 through 31 as if fully set forth herein.

8

4928-6620-8436, v. 1

33.    Kadena denies that it was unjustly enriched or that it knowingly accepted and retained compensable benefits beyond any governed by the parties' written Agreement. Kadena denies that Biznisport conferred benefits in the manner or value alleged. Kadena denies the remaining allegations in paragraph 33.

34.    Kadena denies that equity or good conscience requires compensation to Biznisport. Kadena denies that Biznisport is entitled to restitution, quantum meruit, or any other equitable relief.

## COUNT V

### (Declaratory Judgment – 28 U.S.C. § 2201)

35.    Kadena admits that an actual controversy exists between the parties concerning the Agreement, Biznisport's alleged performance, Kadena's defenses, and Biznisport's claimed payment demands. Kadena denies any characterization of Kadena's defenses as invalid or unfounded.

36.    Kadena denies that Biznisport is entitled to any declaration requested in paragraph 36 or elsewhere in the Complaint. Kadena specifically denies that:

(a) the December 11, 2024 CFF Approval satisfied all requirements of the Side Letter or Agreement, or that Kadena waived or is estopped from asserting non-satisfaction of any condition;

(b) any alleged shortfall was excused under the prevention doctrine or any duty of cooperation;

9

(c) Kadena's suspension or cessation of operations could not constitute a valid basis for relief, defense, termination, suspension, excuse, or other contractual consequence;

(d) Schedule 7's offset, reduction, invoice, timing, and related payment provisions are inapplicable, waived, or excused; or

(e) Kadena is obligated to pay all allegedly past-due installments or otherwise perform as Biznisport demands.

4928-6620-8436, v. 1

## PRAYER FOR RELIEF

Kadena denies that Biznisport is entitled to any relief requested in the Prayer for Relief, including damages, reliance damages, restitution, declaratory relief, costs, interest, or any other legal or equitable relief. Kadena respectfully requests that the Court enter judgment in Kadena's favor, dismiss the Complaint with prejudice, award Kadena its costs and such other relief as the Court deems just and proper, and grant no relief to Biznisport.

4928-6620-8436, v. 1

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and preserving all defenses available under the Federal Rules of Civil Procedure, New York law, the Agreement and Side Letter, and any other applicable law, Kadena asserts the following affirmative defenses:

### First Affirmative Defense

### (Failure to State a Claim)

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

### (Failure of Conditions Precedent)

Biznisport's claims are barred or limited because one or more conditions precedent to Kadena's alleged payment obligations were not satisfied, including but not limited to requirements relating to the CFF Approval, the Side Letter, invoices, the Public Launch, the Migration, the Platform, Kadena's approvals, and other contractual prerequisites.

### Third Affirmative Defense

### (Failure of Performance)

Biznisport's claims are barred or limited because Biznisport failed to perform, timely perform, substantially perform, or adequately perform its obligations under the Agreement or Side Letter.

4928-6620-8436, v. 1

## Fourth Affirmative Defense

## (Material Breach by Biznisport)

Biznisport's claims are barred or limited because Biznisport materially breached the Agreement or Side Letter before any alleged breach by Kadena.

## Fifth Affirmative Defense

## (Prior Breach)

Biznisport's alleged recovery is barred or limited by Biznisport's prior breach of the Agreement or Side Letter, including breaches relating to contractual deliverables, technical requirements, approvals, timing, exclusivity, sponsorship rights, the Platform, the Public Launch, and the Migration, including, without limitation, Biznisport's failures to (i) migrate the Vatreni tokens within the time required under Section 3.3 and Schedule 5 of the Agreement, and (ii) create the fan engagement website within the time required under Section 3.3 and Schedule 6 of the Agreement.

## Sixth Affirmative Defense

## (Contractual Offsets and Reductions)

Biznisport's claims are barred or limited by contractual offsets, reductions, limitations, and defenses, including but not limited to Schedule 7 of the Agreement any provisions concerning the Public Launch, Migration, invoices, payment timing, and reductions to sponsorship-fee installments, and the Side Letter, which provided, among other things, that no further installment payments shall be due or payable

13

unless and until Kadena received from Biznisport a satisfactory supplemental CFF Approval, which it did not.

## Seventh Affirmative Defense

### (No Amount Due)

No amount was due and owing to Biznisport because Biznisport did not satisfy the Agreement's or Side Letter's payment prerequisites, conditions, invoice requirements, or other contractual requirements.

## Eighth Affirmative Defense

### (Termination, Suspension, Excuse, or Discharge)

Kadena's alleged obligations were terminated, suspended, excused, discharged, or otherwise limited by the Agreement or Side Letter, Biznisport's breaches, the parties' course of performance, Kadena's cessation or suspension of operations, force majeure or analogous provisions, impossibility, impracticability, frustration of purpose, or other applicable contractual or legal doctrines.

## Ninth Affirmative Defense

### (No Waiver)

Kadena did not waive any contractual condition, defense, offset, reduction, right, remedy, termination right, approval right, or objection. The Agreement provides that no delay or omission in exercising rights operates as a waiver and that no course of dealing modifies the Agreement.

4928-6620-8436, v. 1

## Tenth Affirmative Defense

## (No Estoppel)

Biznisport's claims are barred or limited because Biznisport cannot establish the elements of estoppel, including any clear representation by Kadena, reasonable reliance by Biznisport, or prejudice sufficient to estop Kadena from asserting its contractual rights and defenses.

## Eleventh Affirmative Defense

## (Failure to Mitigate)

Biznisport's alleged damages are barred or limited because Biznisport failed to mitigate its damages.

## Twelfth Affirmative Defense

## (Speculative Damages)

Biznisport's alleged damages are speculative, uncertain, remote, excessive, unsupported, or not recoverable as a matter of law.

## Thirteenth Affirmative Defense

## (Contractual Limitation of Liability)

Biznisport's claims and damages are barred or limited by the Agreement's limitation-of-liability provisions, including the provision that Kadena's liability shall not exceed the aggregate amount of unpaid Sponsorship Fees.

4928-6620-8436, v. 1

## Fourteenth Affirmative Defense

### (No Consequential Damages)

Biznisport is not entitled to consequential, expectancy, reliance, restitutionary, or other damages except to the extent permitted by the Agreement and applicable law.

## Fifteenth Affirmative Defense

### (Duplicative Implied-Covenant Claim)

Biznisport's implied-covenant claim is barred or limited because it duplicates Biznisport's contract claim, seeks to impose duties inconsistent with the Agreement, or is otherwise unavailable under New York law.

## Sixteenth Affirmative Defense

### (Equitable Claims Barred by Written Contract)

Biznisport's unjust-enrichment, quantum-meruit, restitution, and promissory-estoppel claims are barred or limited because the parties' relationship is governed by a written contract covering the same subject matter.

## Seventeenth Affirmative Defense

### (No Clear and Unambiguous Promise)

Biznisport's promissory-estoppel claim is barred because Kadena made no clear and unambiguous extra-contractual promise on which Biznisport reasonably relied.

4928-6620-8436, v. 1

## Eighteenth Affirmative Defense

## (Unclean Hands)

Biznisport's equitable claims are barred or limited by Biznisport's unclean hands, including Biznisport's own breaches, failures of performance, and inequitable conduct.

## Nineteenth Affirmative Defense

## (Setoff and Recoupment)

Kadena is entitled to setoff, recoupment, offset, reduction, or credit for amounts owed by Biznisport, amounts overpaid, amounts paid despite Biznisport's nonperformance, damages caused by Biznisport's breaches, contractual reductions, and any other amounts recoverable by Kadena.

## Twentieth Affirmative Defense

## (Failure of Consideration)

Biznisport's claims are barred or limited by failure or partial failure of consideration.

## Twenty-First Affirmative Defense

## (Impossibility, Impracticability, and Frustration of Purpose)

Biznisport's claims are barred or limited by impossibility, impracticability, frustration of purpose, force majeure, or related doctrines to the extent performance became impossible, impracticable, commercially frustrated, or materially different from what the parties contemplated.

17

## Twenty-Second Affirmative Defense

## (Failure to Satisfy Notice and Cure Requirements)

Biznisport's claims are barred or limited because Biznisport failed to satisfy contractual notice, invoice, cure, demand, or other procedural prerequisites to recovery.

## Twenty-Third Affirmative Defense

## (Reservation of Rights)

Kadena reserves all defenses, rights, claims, counterclaims, setoffs, and remedies available under the Agreement, the Federal Rules of Civil Procedure, New York law, and any other applicable law. Kadena reserves the right to amend this Answer and assert additional defenses, counterclaims, or third-party claims as discovery and investigation warrant.

18

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Kadena LLC ("Kadena"), by and through its undersigned counsel, asserts the following counterclaims against Plaintiff/Counterclaim Defendant Biznisport LLC, also known as Biznisport d.o.o. ("Biznisport"):

### NATURE OF THE COUNTERCLAIMS

1.      This is an action to recover funds that Kadena advanced to Biznisport before Biznisport satisfied the conditions necessary to earn those funds under the parties' Sponsorship Agreement dated December 9, 2024 (the "Agreement").

2.      In December 2024 and July 2025, Kadena advanced a total of $700,000 to Biznisport.

3.      Kadena made those advances in good faith and in an effort to assist Biznisport with what Biznisport described as its challenging financial situation and limited funding.

4.      Kadena made those advances without waiving any contractual condition, approval right, defense, offset, reduction, or remedy.

5.      The Agreement conditioned the parties' operative rights and obligations, including Kadena's payment obligations, on Biznisport's delivery of a qualifying CFF Approval.

6.      Biznisport never delivered a CFF Approval satisfying the requirements of the Agreement, the side letter December 11, 2024 (the "Side Letter"), and Schedule 9 of the Agreement.

19

7.     Because the required CFF Approval was never delivered, the $700,000 advanced by Kadena was not earned by Biznisport and was not converted into non-refundable sponsorship-fee payments due under the Agreement.

8.     Kadena is therefore entitled to recover some or all of those advances, together with interest, costs, and such other relief as the Court deems just and proper.

## THE PARTIES

9.     Kadena is a Connecticut limited liability company. All  of Kadena's members are citizens of a State in the United States.

10.     Upon information and belief, Biznisport is a Croatian limited liability company with its principal place of business in Zagreb, Croatia.

## JURISDICTION AND VENUE

11.     The Court has subject-matter jurisdiction over these counterclaims under 28 U.S.C. § 1332(a)(2) because the dispute is between a citizen of a State and a citizen or subject of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     The Court also has supplemental jurisdiction under 28 U.S.C. § 1367 because these counterclaims arise from the same transaction or occurrence as Biznisport's claims.

13.     Venue is proper in this District because Biznisport filed this action in this District and because the Sponsorship Agreement contains a forum-selection provision selecting courts in New York for disputes relating to the Agreement.

20

4928-6620-8436, v. 1

## FACTUAL ALLEGATIONS

14.    Kadena and Biznisport executed the Agreement, which concerned a proposed sponsorship relationship involving Kadena, Biznisport, and rights associated with the Croatian Football Federation (the "CFF").

15.    The Agreement did not make all rights and obligations immediately effective upon execution.

16.    Instead, the Agreement conditioned the parties' operative rights and obligations on receipt of a qualifying approval from the CFF (the "CFF Approval")

17.    Section 10.1 of the Agreement provided that, with limited exceptions, the parties' respective rights and obligations were conditioned upon, and would not become effective until, Biznisport obtained the CFF Approval:

10.1    With the exception of Sections 10.1, 10.2, and 12 through 21 hereof, the respective rights and obligations of the Parties hereunder, is conditioned upon, and shall not become effective until, the CFF Approval is received. Promptly after the execution of this Agreement, Biznisport shall formally request and pursue with due diligence receipt of the CFF Approval and shall keep Kadena reasonably advised of the progress of obtaining such approval including providing copies of the proposed form of the CFF Approval.  For the avoidance of doubt: (1) Kadena shall not be entitled to exploit any of the Sponsorship Rights (including announcing the existence of the relationship set out in this Agreement); (2) Kadena shall not be under any obligation to pay any installment of the Sponsorship Fee; and (3) Biznisport shall not be required to grant any of the Sponsorship Rights; in each case until the Effective Date. Notwithstanding the foregoing, in the event that CFF Approval is not received within ten (10) business days after the Signing Date, Kadena shall have a continuing, unilateral right until it receives a duly executed and acceptable copy of the CFF Approval to terminate this Agreement without any further obligation owed by Kadena to Biznisport or any other Person. If Kadena terminates this Agreement under this Section 10.1, Biznisport shall promptly (but in no event more than ten (10) business days after receipt of Kadena's notice of termination) reimburse Kadena for any and all legal fees and other

21

expenses incurred in connection with, or related to, this Agreement or the CFF Approval.

18.    The Agreement defined the "Effective Date" as the date Biznisport confirmed in writing to Kadena that it had received a fully executed CFF Approval.

19.    Schedule 9 of the Agreement specified the required form and substance of the CFF Approval.

20.    Among other things, Schedule 9 required CFF to confirm matters concerning Biznisport's authority, the absence of conflicts with rights granted to others, CFF's agreement not to grant inconsistent rights, and Kadena's ability, under specified circumstances, to recognize CFF directly and pay CFF directly.

21.    On or about December 11, 2024, Kadena and Biznisport executed the Side Letter, which concerned the CFF Approval requirement.

22.    The Side Letter confirmed, among other things, that, apart from the initial installment, no further installments would be due or payable unless and until Kadena received from Biznisport a supplemental CFF approval letter addressing Kadena's step-in or assumption rights in substance consistent with Schedule 9(iv) of the Agreement and otherwise reasonably acceptable to Kadena:

> This letter will confirm our mutual agreement that, notwithstanding anything to the contrary in the Sponsorship Agreement, other than the initial installment of the Sponsorship Fee, no further installments of the Sponsorship Fee shall be due or payable unless and until Kadena has received from Biznisport a supplemental CFF Approval (a "New CFF Approval") that contains the substance of clause (iv) of Schedule 9 of the Sponsorship Agreement and which is otherwise reasonably acceptable to Kadena, executed by CFF.

4928-6620-8436, v. 1

23. Biznisport did not deliver a CFF Approval satisfying the requirements of the Agreement, the Side Letter, and Schedule 9.

24. Despite Biznisport's failure to deliver a qualifying CFF Approval, Kadena advanced funds to Biznisport.

25. Kadena did so in good faith and in an effort to assist Biznisport with what Biznisport described as its challenging financial situation and limited funding.

26. In or about December 2024, Kadena advanced $400,000 to Biznisport.

27. In or about July 2025, Kadena advanced an additional $300,000 to Biznisport.

28. In total, Kadena advanced $700,000 to Biznisport.

29. Kadena's advances were not made because Biznisport had satisfied all conditions precedent to payment.

30. Kadena's advances were not made because Biznisport had fully earned the funds under the Agreement.

31. Kadena's advances were not intended to waive the CFF Approval requirement or any other contractual requirement, defense, offset, reduction, or remedy.

32. Kadena's advances were not intended to modify the Agreement or the side letter.

33. The Agreement provides that no delay or omission by either party in exercising any right operates as a waiver of that or any other right.

34.     The Agreement further provides that no course of dealing modifies or amends the Agreement or any party's rights or obligations under it.

35.     Because Biznisport never delivered a qualifying CFF Approval, the $700,000 advanced by Kadena was not earned by Biznisport.

36.     Because Biznisport never delivered a qualifying CFF Approval, the $700,000 advanced by Kadena was not converted into sponsorship-fee payments finally due and payable under the Agreement.

37.     Biznisport has retained Kadena's $700,000 despite failing to satisfy the contractual conditions necessary to earn those funds.

38.     Kadena has demanded or is entitled to demand return of some or all of the $700,000.

39.     Biznisport has failed or refused, or is expected to fail or refuse, to return the funds.

## COUNT I

### (Breach of Contract)

40.     Kadena repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

41.     The Agreement is a valid and enforceable contract.

42.     The Agreement required Biznisport to deliver a qualifying CFF Approval before Kadena's payment obligations became effective, except as otherwise expressly provided.

24

4928-6620-8436, v. 1

43.    The Agreement and Side Letter further required that the relevant CFF Approval be reasonably acceptable to Kadena and include the substance required by Schedule 9, including Schedule 9(iv).

44.    Biznisport breached the Agreement by failing to deliver a qualifying CFF Approval.

45.    Biznisport further breached the Agreement by retaining funds advanced by Kadena even though the contractual conditions necessary to earn those funds were not satisfied.

46.    Kadena performed its obligations, except to the extent its performance was excused, suspended, or discharged by Biznisport's breaches and failure to satisfy conditions precedent.

47.    As a direct and proximate result of Biznisport's breaches, Kadena has suffered damages in an amount to be proven at trial, including some or all of the $700,000 advanced to Biznisport, together with interest, costs, and any other recoverable damages.

## COUNT II

### (Restitution / Unjust Enrichment)

48.    Kadena repeats and realleges paragraphs 1 through 47 as if fully set forth herein.

49.    This count is pleaded in the alternative to Kadena's breach-of-contract counterclaim.

25

50.    Kadena conferred a benefit on Biznisport by advancing $700,000 to Biznisport.

51.    Biznisport accepted and retained that benefit.

52.    Biznisport was not entitled to retain some or all of those funds because Biznisport failed to deliver a qualifying CFF Approval, among other things, and therefore failed to satisfy the conditions necessary to earn the funds as sponsorship-fee payments.

53.    It would be inequitable and against good conscience for Biznisport to retain funds advanced by Kadena under circumstances in which Biznisport did not satisfy the contractual conditions necessary to earn them.

54.    Kadena is entitled to restitution in an amount to be proven at trial, including some or all of the $700,000 advanced to Biznisport, together with interest, costs, and such other relief as the Court deems just and proper.

## COUNT III

### (Declaratory Judgment)

55.    Kadena repeats and realleges paragraphs 1 through 54 as if fully set forth herein.

56.    An actual, ripe, and justiciable controversy exists between Kadena and Biznisport concerning whether the $700,000 advanced by Kadena was earned by Biznisport or must be returned to Kadena.

26

57.     Kadena contends that the advances were not earned because Biznisport failed to deliver a qualifying CFF Approval satisfying the Agreement, the Side Letter, and Schedule 9.

58.     Kadena further contends that its advances did not waive any contractual condition, approval right, defense, offset, reduction, or remedy.

59.     Biznisport contends, or is expected to contend, that it is entitled to retain the $700,000 and that Kadena owes additional amounts.

60.     Kadena is entitled to a declaration that:

(a) Biznisport failed to deliver a qualifying CFF Approval satisfying the Agreement, the Side Letter, and Schedule 9;

(b) Kadena's advances to Biznisport did not waive the CFF Approval requirement or any other contractual condition, approval right, defense, offset, reduction, or remedy;

(c) the $700,000 advanced by Kadena was not earned by Biznisport to the extent the Court determines that the applicable contractual conditions were not satisfied;

(d) Kadena is entitled to restitution, refund, setoff, recoupment, or credit for some or all of the $700,000; and

(e) Biznisport is not entitled to recover additional sponsorship-fee payments from Kadena.

4928-6620-8436, v. 1

## PRAYER FOR RELIEF

WHEREFORE, Kadena respectfully requests that the Court enter judgment in its favor and against Biznisport as follows:

A.      Awarding Kadena compensatory damages in an amount to be proven at trial, including some or all of the $700,000 advanced to Biznisport;

B.      Awarding Kadena restitution, disgorgement, refund, setoff, recoupment, or credit in an amount to be proven at trial, including some or all of the $700,000 advanced to Biznisport;

C.      Declaring that Biznisport failed to deliver a qualifying CFF Approval satisfying the Agreement, the side letter, and Schedule 9;

D.      Declaring that Kadena's advances did not waive any contractual condition, approval right, defense, offset, reduction, or remedy;

E.      Declaring that the $700,000 advanced by Kadena was not earned by Biznisport to the extent the Court determines that the applicable contractual conditions were not satisfied;

F.      Declaring that Kadena is entitled to restitution, refund, setoff, recoupment, or credit for some or all of the $700,000 advanced to Biznisport;

G.      Awarding Kadena pre-judgment and post-judgment interest to the fullest extent permitted by law;

H.      Awarding Kadena its costs, disbursements, and attorneys' fees to the extent permitted by contract, statute, rule, or other applicable law; and

28

4928-6620-8436, v. 1

I.      Granting such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Kadena demands a trial by jury on all issues so triable.

**THE DEFENDANT AND
COUNTERCLAIM PLAINTIFF:
KADENA LLC**

By:     */s/ Robert M. Fleischer*
        Jeffrey M. Sklarz
        Robert M. Fleischer
        GREEN & SKLARZ LLC
        One Audubon Street, Third Floor
        New Haven, CT 06511
        (203) 285-8545
        jsklarz@gs-lawfirm.com
        rfleischer@gs-lawfirm.com

29

4928-6620-8436, v. 1