

# McLoughlin O'Hara, LLP

250 Park Avenue, 7th Floor | New York, New York 10177 | (212) 920-6695 | www.mcloughlinohara.com

Daniel M. O'Hara, Esq.
Direct Dial: (212) 867-8285
Email: dohara@mcloughlinohara.com
Admitted in New York & New Jersey

June 26, 2026

Hon. Sidney H. Stein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> **Re:    Biznisport LLC v. Kadena LLC; 26-cv-1817 (SHS)**
> **Plaintiff's Response to Order to Show Cause**

Dear Judge Stein:

Plaintiff Biznisport LLC ("Plaintiff") respectfully submits this response to the Court's June 22, 2026, Order to Show Cause directing Plaintiff to demonstrate why this action should not be dismissed for lack of subject matter jurisdiction.

At this stage, dismissal is neither warranted nor appropriate. The current record does not establish that diversity jurisdiction is lacking, and Defendant Kadena LLC's ("Kadena") assertion to the contrary is unsupported and incomplete. The appropriate course is to permit supplementation of the jurisdictional record, not dismissal.

Kadena has suggested that subject matter jurisdiction "may be lacking," but it has not established that diversity jurisdiction is absent. To the contrary, Kadena's own corporate disclosure reflects that its citizenship remains incompletely identified, including with respect to at least one constituent whose citizenship has not yet been determined. Because the citizenship of a limited liability company is determined by the citizenship of each of its members, including through all intermediate layers, the present record is insufficient to permit a determination as to whether complete diversity exists. Under these circumstances, dismissal would be premature.

Kadena's June 19, 2026 submission asserting that one of its members is "stateless" likewise does not support dismissal at this juncture. That assertion is entirely conclusory. Kadena does not identify the purportedly stateless member, does not explain whether that member is an individual or an entity, and does not provide any of the underlying facts necessary to establish

statelessness for purposes of 28 U.S.C. § 1332. The determination of citizenship, particularly in the context of a multi-layered LLC structure, is a fact-specific inquiry requiring full and transparent disclosure. Courts do not dismiss actions for lack of subject matter jurisdiction based on unsupported assertions of this kind.

Where, as here, jurisdictional facts are incomplete or unclear, courts routinely permit parties to cure any deficiencies through supplemental disclosures, amendment of jurisdictional allegations, or limited jurisdictional discovery. That approach is especially appropriate in this case given Kadena's complex ownership structure and its acknowledgment that its citizenship has not yet been fully identified.

Accordingly, Plaintiff respectfully submits that the proper course is to direct Kadena to provide a complete and verified disclosure of its citizenship, including identification of all members and sub-members of Kadena LLC, the citizenship of each such member at every level of ownership, and the factual basis for any assertion that any member is "stateless." To the extent necessary, Plaintiff further respectfully requests that the Court permit limited jurisdictional discovery directed to these issues. Plaintiff also respectfully requests leave to amend its jurisdictional allegations if appropriate based on complete information.

Because the present record does not establish a lack of diversity jurisdiction, dismissal at this stage would be premature. Plaintiff therefore respectfully requests that the Court discharge the Order to Show Cause and permit supplementation of the jurisdictional record.

Respectfully submitted,

*Daniel M. O'Hara*

Daniel M. O'Hara, Esq.